[Cite as *State v. Grant*, 2012-Ohio-4474.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11CA84 |
| TIMOTHY GRANT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2006-CR-834-D

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       September 20, 2012

APPEARANCES:

For Appellant:                         For Appellee:

TIMOTHY GRANT, *pro se*                JAMES J. MYER, JR.
No. 510-685                            RICHLAND COUNTY PROSECUTOR
Noble Correctional Institution        DANIEL J. BENOIT
15708 McConnelsville Rd.              38 South Park Street
Caldwell, OH 43724                    Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Timothy Grant appeals from the August 25, 2011 judgment entry of the Richland County Court of Common Pleas overruling his motion for relief from judgment and to correct illegal sentence. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} Appellant was convicted upon trial by jury of rape, unlawful sexual conduct with a minor, kidnapping, sexual battery, and abduction on March 23, 2007, and was sentenced to an aggregate prison term of 17 years on March 26, 2007. The prison term was imposed consecutive to a term appellant was already serving.

{¶3} We affirmed the judgment of conviction and sentence on July 7, 2008 in *State v. Grant*, 5th Dist. No. 07 CA 32, 2008-Ohio-3429. The Ohio Supreme Court denied appellant's motion for delayed appeal on March 3, 2010 in *State v. Grant*, 124 Ohio St.3d 1491, 2010-Ohio-670, 922 N.E.2d 227.

{¶4} Appellant filed a "Motion to Correct Illegal Sentence" on June 22, 2011, and a "Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) and Criminal Rule 52" on July 8, 2011. The trial court denied both motions in a single entry dated August 25, 2011, from which appellant now appeals.

{¶5} Pursuant to App.R. 21(A), we ordered this case submitted without oral argument because appellant is presently incarcerated.

{¶6} Appellant raises seven Assignments of Error:

{¶7} "I. TRIAL COURTS ABUSE OF DISCRETION IN FAILING TO GRANT DEFENSES REQUEST FOR ACQUITTAL UNDER CRIMINAL RULE 29, ACCORDING TO THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE

VIOLATING APPELLANTS 14TH AMENDMENT RIGHTS AND O CONST SEC.1 INALIENABLE RIGHTS." (*sic*)

{¶8} "II.  TRIAL COURT ABUSED IT'S DISCRETION AND COMMITTED STRUCTURAL AND PLAIN ERROR WHEN IT DENIED DEFENSE PERMISSION TO SUBMIT TESTIMONY OF OFFICER DUNCAN WHO RESPONDED TO ALLEGED ASSAULT AN TOOK THE REPORT OF THE ALLEGED VICTIM AND REPORTED IN HIS REPORT THAT VICTIM WASN'T TELLING THE TRUTH ABOUT INCIDENT. WHICH WAS RELEVANT EVIDENCE ON BEHALF OF THE DEFENSE WHICH CAUSED THE JURY TO ERR AND UNREASONABLY AND INCOMPETENTLY WEIGH EVIDENCE PROPERLY, VIOLATING APPELLANT'S 14TH AMENDMENT RIGHTS, O CONST. ART 1 SEC 1 AND O CONST ART 1 SEC 2 GUARANTEEING EQUAL PROTECTION AN DUE PROCESS." (*sic*)

{¶9} "III.  TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING JURY INSTRUCTIONS THAT DIDN'T ADVISED JURY THAT DEFENDANT COULD ONLY BE FOUND GUILTY OF ONE CHARGE EVEN THOUGH THE INDICTMENT MAY HAVE CONTAINED MORE THAN ONE CHARGE FOR THE SAME CHARGE. VIOLATING APPELLANTS 14TH AMENDMENT RIGHTS AND O CONST I SEC 1 INALIENABLE RIGHTS." (*sic*)

{¶10} "IV.  TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING OF DEFENDANT ON TWO SEPARATE CHARGES OF SIMILAR IMPORT THAT HE COULD ONLY BE FOUND GUILTY OF ONLY ONE AND SENTENCED FOR ONLY ONE IN VIOLATION OF APPELLANT'S 5TH AND 14TH AMENDMENT RIGHTS, O

CONST. ART I SEC 1 AND O CONST ART 1 SEC 2 BOTH GUARANTEEING EQUAL PROTECTION AND DUE PROCESS." (*sic*)

{¶11} "V. TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED DEFENDANT ON FELONY ONE RAPE AND KIDNAPPING EVEN THOUGH JURY VERDICT ONLY FOUND DEFENDANT GUILTY OF THE TWO CHARGES WITHOUT STATING DEGREE, WHICH WOULD ONLY BE THE LEAST DEGREE OF THE OFFENSE WITHOUT SPECIAL FINDINGS CITED UNDER R.C. 2945.75. IN VIOLATION OF APPELLANT'S 14TH AMENDMENT RIGHTS, O CONST. ART 1 SEC 1 AND O CONST. ART 1 SEC 2 BOTH GUARANTEEING EQUAL PROTECTION AND DUE PROCESS." (*sic*)

{¶12} "VI. JURY VERDICT DIDN'T RENDER NECESSARY AND REQUIRED VERDICT FINDINGS NAMELY VENUE, TIME AND DATE TO CONVICT DEFENDANT OF CHARGES REQUIRED BY JURY INSTRUCTIONS WHICH ARE GROUNDS FOR RELIEF BY ACQUITTAL IN VIOLATION OF APPELLANT'S 14TH AMENDMENT RIGHTS, O CONST. ART 1 SEC 1 AND O CONST. ART 1 SEC 2 GUARANTEEING EQUAL PROTECTION AND DUE PROCESS.." (*sic*)

{¶13} "VII. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND ABUSE OF DISCRETION BY TRIAL COURT IN SAME MATTER THAT FOLLOWS WHICH WAS A VIOLATION OF APPELLANT'S 14TH AMENDMENT RIGHTS, O CONST. ART 1 SEC 1 AND O CONST. ART 1 SEC 2 BOTH GUARANTEEING EQUAL PROTECTION AND DUE PROCESS." (*sic*)

I., II., III., IV., V., VI., VII.

{¶14} Appellant appeals from a judgment entry denying two motions: a "Motion to Correct Illegal Sentence" and a "Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) and Criminal Rule 52." We note an inconsistency between appellant's assignments of error and the trial court's judgment entry from which he purports to appeal. Appellant's assignments of error raise substantive issues not addressed by the trial court, and appellant has failed to assign as error the trial court's conclusions that his motions are untimely and barred by res judicata. In the interest of justice, we will determine if the trial court erred in overruling appellant's motions on those grounds.

{¶15} The trial court treated the motion for relief from judgment as a petition for postconviction relief pursuant to R.C. 2953.71 and noted the motion was filed outside the 180-day time limit for postconviction relief petitions. Appellant made no attempt to justify his untimely postconviction relief petition pursuant to R.C. 2953.23(A).

{¶16} R.C. 2953.21(A)(2) states:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the

petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶17} R.C. 2953.23(A)(1) provides a limited exception to the rule:

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * [b]oth of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶18} The record in appellant's direct appeal was filed on June 6, 2007, supplemented by the filing of the transcript on August 9, 2007. Appellant filed his "Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) and Criminal Rule 52" on July 8, 2011, considerably beyond the 180-day time limit. Therefore, the trial court had no jurisdiction to consider appellant's motion unless R.C. 2953.23 applied,

but appellant's petition does not show he was unavoidably prevented from discovering facts upon which it was based, nor was his petition based upon a new right recognized by the United States Supreme Court. We therefore conclude the trial court properly found appellant's motion for relief from judgment to be untimely.

{¶19} The trial court overruled appellant's Motion to Correct Illegal Sentence on the basis his argument that rape and kidnapping are allied offenses of similar import was barred by res judicata. Appellant raised this issue in his third assignment of error in his 2008 appeal and we found the argument to be without merit.

{¶20} The trial court did not err in overruling appellant's motion on the basis of res judicata. The substantive assignments of error appellant improperly attempts to raise here are similarly barred by res judicata. Not only are these arguments not addressed by the trial court in the entry appealed from, but as the State points out, appellant has already fully litigated his direct appeal. Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised upon direct appeal.

{¶21} Appellant's seven assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
 HON. PATRICIA A. DELANEY


_____
 HON. JOHN W. WISE


_____
 HON. JULIE A. EDWARDS


PAD:kgb

[Cite as *State v. Grant*, 2012-Ohio-4474.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY GRANT | : | |
| | : | |
| | : | Case No. 11CA84 |
| Defendant-Appellant | : | |


For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS